

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

GEORGE WALCOTT, ET UX                          CIVIL ACTION NO.  07-0257

-vs-                                                            JUDGE DRELL

SAFECO INSURANCE COMPANY OF            MAGISTRATE JUDGE KIRK
ILLINOIS, ET AL

## R U L I N G

### Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 21)

Before the Court is a motion to dismiss under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction (Doc. 21) filed by Home State County Mutual Insurance Company ("Home State").  Because Home State is not a party to this suit, the motion must be denied as moot.

It is clear from the pleadings that with respect to defendant Karla Michelle Scott's liability insurer, the plaintiffs intended to sue and did sue Safeco Insurance Company of Illinois ("Safeco").  Although the plaintiffs stated in their original petition that Safeco is also known as Home State County Mutual Insurance Company, the plaintiff actually sued Safeco, not Home State.  As the record shows, only Safeco is "authorized to do and doing business in the State of Louisiana," (Doc. 1-2, p. 1), whereas Home State is not.  The plaintiff's misstatement that Safeco itself goes by the name "Home State County Mutual Insurance Company" does not make the entity Home State County Mutual Insurance Company to a party to the suit.

Home State asserts that it is an independent subsidiary of Safeco. It is entitled to that presumption of independence, and the plaintiff has failed to rebut that presumption with clear evidence, notwithstanding the fact that Safeco, as parent corporation, wrote some letters and checks on behalf of Home State. See Freudensprung v. Offshore Technical Services, Inc., 379 F.3d 327, 346 (5th Cir. 2004) (discussing the presumption of corporate independence and the plaintiff's burden of proving otherwise). Thus, it is clear that Home State is not Safeco for purposes of this suit. Because Safeco is currently the only named liability insurer in the suit, Home State is not even a party. Thus, we deny as moot the motion to dismiss for lack of personal jurisdiction.

### Transfer of Venue

The record makes clear that the accident in this case took place in Texas City, Texas and that the defendant still resides there. Thus, other than the plaintiffs, who reside in Louisiana, it seems that all witnesses in this case would be located in or near Texas City, Texas in the Southern District of Texas. Because this is a diversity case under 28 U.S.C. § 1332, venue would be proper in the Southern District of Texas as "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(a)(2). Because we believe that it would be more convenient for the parties and witnesses, in the interest of justice, we transfer this case to the Southern District of Texas sua sponte by separate order, pursuant to 28 U.S.C. § 1404.[1]

---

[1] Our decision assumes that venue in the Western District of Louisiana is proper. Even in the event that venue in this district is improper, however, we have discretion under 28 U.S.C. § 1406, in the interest of justice, to transfer to a district where the action could have been brought. Thus, whether or not venue is proper in the Western District of Louisiana, we

2

**Conclusion**

The motion to dismiss for lack of personal jurisdiction (Doc. 21) is DENIED AS

MOOT. By separate order, the case is TRANSFERRED to the Southern District of Texas.

SIGNED on this 17 day of January, 2008 at Alexandria, Louisiana.

　　　　　　　　　　　　　　　　　　　　DEE D. DRELL
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

transfer to the Southern District of Texas.